YAH BRTJHT, P. J.
—By resolution the board of police commissioners requested the board of estimate and apportionment to transfer a certain stun from the appropriation made to *769 the police department for the year 1892, entitled “ Construction of Station House, &o., for the Hinth Precinct,” to the appropriation made to the same department for the year 1895, entitled “ Contingent Expenses of the Central Department.” The resolution recited that the money was required to enable the treasurer to pay bills presented for payment of expenses incurred by officers in obtaining evidence, and other expenses properly chargeable to the contingent fund. The board of estimate and apportionment, by a vote of four in the affirmative against one in the negative, directed the transfer requested. Thereupon the board of police commissioners made a requisition upon the appellant, the comptroller, requiring him to pay over the said sum to the relator as treasurer of the police commissioners. The comptroller refused to pay the same for the reasons that the resolution of the board of estimate and apportionment did not receive the affirmative votes of all its members, that the consolidation act does not empower the board of estimate and apportionment to transfer a fund appropriated for a specific purpose in the year 1892 to another purpose in the year 1895, and that the board of police commissioners intend to use the money in paying expenses which are not lawful charges against the city.
By section 189 of the Consolidation Act (Laws 1882, c. 410), creating the board of estimate and apportionment, special provision is made in respect to adopting the estimate of municipal expenses, and that the affirmative vote of all the members is required, and also that the final estimate shall be sanctioned by the signature of all the members. By section 204 the board is authorized to do certain things by the affirmative vote of three members, and without any specification as to the vote to do certain other things. In the same section said board is authorized to make transfers, and it is urged that, as no provision is made for less than a unanimous vote, such a vote is required for such a transfer. In the absence of any statute, it might well be argued that, this, power being conferred in a section where the legislature were treating of what might be done by three affirmative votes, it was the manifest intention to permit such transfers to be made by such a vote, especially as, in the instance where it was the intention to exact unanimous action, it is expressly provided for. But this right does not depend upon any statutory construction, as in the Devised Statutes (volume 2, p. 555, § 27) it is expressly provided that whenever any power, authority, or duty is confided by law to three or more persons, such power, authority, or duty may be exercised and performed by a majority of such persons upon a meeting of all the persons so intrusted or empowered, unless special provision is otherwise made. By section 297 of the consolidation act, as originally enacted, the board of estimate and apportionment had the power at any time to transfer an excess of appropriation for any year to other purposes and objects for which the appropriations are insufficient. By *770 chapter 186, Laws 1893, such transfers were forbidden except in the year the appropriation was made, but it was expressly provided that this act should, not apply to the police department or the department of public works. This we think left section 207, as originally enacted, in force in this respect as to the police department and the department of public works; and we cannot eliminate section 2U7 wholly from consideration, as suggested by appellant’s counsel, but must be governed by its provisions. By section 262 of the consolidation act, it. is the duty of the comptroller to pay over to the treasurer of the police board the amount appropriated to it. It does-not seem that he has any right to object to honor the requisition of the board of police for money which it is entitled to receive, upon the ground that he fears that the money will be misappropriated. He may require vouchers for expenditures made by the treasurer of the police department to be filed with him, and, if any moneys have been misappropriated, he may cause the bonds of the treasurer of the board of police to be prosecuted for the indemnification of the city. But by the law the treasurer of the board of police is entitled to receive the appropriation, and answer afterwards for its expenditure. This seems to he the theory of the legislature upon the subject, and, whatever we may think of the question as to the propriety of some of the proposed expenditures, we have nothing to do with this question at this stage of procedure. The office of comptroller is undoubtedly one of the most responsible in the city government. It is his duty to scrutinize the legality of expenditures of the various departments. But where an appropriation has been made, and a department is entitled to its appropriations so as to make its expenditures itself, we do not see but that the comptroller is hound to deliver the appropriation into the appropriate hands, holding the recipient to the accountability which the law imposes.
The order appealed from should be affirmed, with costs..
All concur.